■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD CURTIS, Appellant.— Judgment appealed from unanimously reversed on the law and a new trial ordered. Defendant was convicted of the crimes of assault in the second degree, and assault in the third degree. He appeals from the entire judgment. The conviction of assault in the second degree with intent to commit rape cannot stand for there was evidence of a completed rape and the necessary corroboration is lacking (*People* v. *English*, 16 N Y 2d 719; *People* v. *Lo Verde*, 7 N Y 2d 114). We cannot say upon this record that the conviction of simple assault did merge as appellant contends, or did not merge, as the People contend, with the count charging assault with intent to commit rape. A conviction for simple assault is not necessarily precluded by the evidence but in fairness to defendant that conviction also appealed from should be reversed and a new trial granted. Appellant's contention that it was reversible error to deny his motion for a mistrial because of an incident which occurred on the first day of the trial must also be considered. In light of the foregoing, and on the whole record, a new trial is directed. Concur — Rabin, J. P., Valente, Stevens, Steuer and Staley, JJ.

■ GRACE BRUNO, Respondent, v. ORAZIO BRUNO, Appellant.— Judgment unanimously modified, on the law and on the facts, to the extent of reducing the weekly payment required by the second decretal paragraph to $30 per week, and, as so modified, affirmed, without costs or disbursements to either party. The provision in the decision of the court below for an adjustment of payments dependent on plaintiff's earnings is stricken. In our opinion the relevant circumstances of the parties disclosed by the record do not justify an award for permanent alimony and support in excess of the amount above fixed. Appellant's renewed motion to strike parts of respondent's appendix is denied, without costs. Concur — Botein, P. J., Breitel, Rabin, McNally and Staley, JJ.